UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

ROBERT BROWN, )
)
      Plaintiff, )
)
v. )   No. 1:22-cv-00030-SNLJ
)
JOE ROSS, et al., )
)
      Defendants. )

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Robert Brown for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $3.10. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will order plaintiff to file an amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of his motion for leave to proceed in forma pauperis, plaintiff has submitted a copy of his certified inmate account statement. (Docket No. 5). The account statement shows an average monthly deposit of $15.50. The Court will therefore assess an initial partial filing fee of $3.10, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should

2

construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who is currently incarcerated at the Eastern Reception, Diagnostic, and Correctional Center in Bonne Terre, Missouri. He brings this civil action pursuant to 42 U.S.C. § 1983, alleging excessive force and deliberate indifference while he was an inmate at the Mississippi County Detention Center. His complaint names Jail Administrator Joe Ross and Nurse Amy Ross as defendants. (Docket No. 1 at 2-3). They are sued in both their individual and official capacities. According to plaintiff, defendants are married. (Docket No. 1 at 5).

In the "Statement of Claim," plaintiff asserts that "[i]n the month of July [he] happened to cut [his] finger on the sink while washing a bowl in D-Pod in the county jail." (Docket No. 1 at 3). He states that he "requested to see the nurse several times to take care" of his "minor injury," but was "denied multiple times by Amy Ross to treat the cut." Eventually, plaintiff "received basic A&D ointment from her." Despite the ointment, he alleges that the "small cut on [his] finger got

3

infected with [MRSA]" and a staph infection, "which led to the amputation of [his] fingertip."[1] Plaintiff concludes that this "could have been prevented" had he received "proper [and] adequate medical attention." (Docket No. 1 at 4).

With regard to Jail Administrator Ross, plaintiff states that at some time between July 7 and July 16, 2021, he was in his "cell in A-Pod in [the] Mississippi County Detention Center." His cell door was secure, and he was "reading from [his] Bible." Plaintiff claims that Ross came "out of nowhere," ran up the stairs to plaintiff's cell, opened plaintiff's cell door, and pointed the taser at him. Ross demanded that plaintiff give him the Bible, but plaintiff refused. Plaintiff acknowledges that Ross "continued to demand" that plaintiff "hand the Bible to him," and that plaintiff "continue[d] to refuse [and] state it's [his] 1st Amendment right." After this failure to comply, Ross purportedly used his taser against plaintiff for "unknown reasons," though Ross "claims [plaintiff] tried to assault him." Plaintiff does not deny trying to assault Ross, but notes that "no evidence or charges were filed."

Following this incident, plaintiff was taken to a holding cell "where [he] was stripped of clothes" and "refused toilet paper [and] soap [and a] toothbrush." He alleges that he was "yet again denied medical treatment by Amy Ross for the injuries sustained from the [taser] prongs." (Docket No. 1 at 5).

Plaintiff asserts that his "fingertip was amputated due to [MRSA]" when he "was given A&D ointment but proper antibiotics were not given to get rid of the infection." He further states that he suffers "severe flashbacks [and] mental trauma." Based on these injuries, he seeks $175,000 in damages." (Docket No. 1 at 7).

---

[1] Plaintiff refers to his infection as being caused by "merca," by which he apparently means MRSA. MRSA is an acronym for "methicillin-resistant staphylococcus aureus," an infection caused by a strain of staph bacteria that has become resistant to the antibiotics that are normally used to treat staph infections. *See Willoughby v. Hagan*, 2014 WL 4410175, at *1 n.1 (D. N.D. 2014).

4

**Discussion**

Plaintiff is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983, alleging that defendants were deliberately indifferent to his medical needs and used excessive force against him. Because he is proceeding in forma pauperis, the Court reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court has determined that the complaint is deficient and subject to dismissal. Rather than dismissing, however, the Court will give plaintiff the opportunity to file an amended complaint.

**A. Deficiencies in Complaint**

Plaintiff's complaint is deficient and subject to dismissal for four reasons. First, plaintiff's official capacity claims are treated as being made against defendants' employer, which is Mississippi County. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (explaining that a "suit against a public employee in his or her official capacity is merely a suit against the public employer"). However, plaintiff has failed to state a claim against the county. *See Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018) (explaining that liability may attach if a constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise").

Second, plaintiff has not sufficiently stated a deliberate indifference claim against Nurse Ross. Whether he was a pretrial detainee or a convicted prisoner, plaintiff's deliberate indifference claim is analyzed under the Eighth Amendment. *See Grayson v. Ross*, 454 F.3d 802, 808 (8th Cir. 2006). To state a deliberate indifference claim, plaintiff must allege facts demonstrating that he suffered from an objectively serious medical need, and that Nurse Ross actually knew of and disregarded that need. *See Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019).

5

Here, plaintiff's facts do not establish these two elements. As to an objectively serious medical need, plaintiff acknowledges that even though he "requested to see the nurse," his injury was minor and amounted to a "small cut" on his finger. Regarding a denial of treatment, he also admits that Nurse Ross eventually gave him ointment to treat the cut. Though there was apparently some delay, plaintiff makes no effort to show how long it lasted. An infection may amount to a serious medical need, but there is no indication that at the time plaintiff saw Nurse Ross, his finger was already infected, and that Nurse Ross failed to treat him at that point. With regard to the injuries he suffered from the taser, plaintiff provides no facts at all, only the unsupported conclusion that he "was yet again denied medical treatment."

Third, as to Jail Administrator Ross's purported excessive force, the Court will assume plaintiff was a pretrial detainee. The Due Process Clause protects pretrial detainees from the use of excessive force amounting to punishment. *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2473 (2015). Under the Due Process Clause, any Punishment of a pretrial detainee is prohibited, whether or not it is cruel and unusual. *See Smith v. Conway Cty., Ark.*, 759 F.3d 853, 858 (8th Cir. 2014). In the pretrial detainee context, excessiveness depends on whether the defendant's purpose in using force was "to injure, punish, or discipline the detainee." *Edwards v. Byrd*, 750 F.3d 728, 732 (8th Cir. 2014).

In this case, plaintiff accuses Jail Administrator Ross of excessive force for using a taser against him. From the facts he has presented, however, it is unclear that Ross intended to punish him. That is, plaintiff acknowledges repeatedly refusing to follow verbal commands. Plaintiff also notes that Ross claimed plaintiff "tried to assault" him. As such, even accepting the facts as true, plaintiff has not shown that Ross's actions were punitive, and therefore violative of the Fourteenth Amendment.

Finally, plaintiff has inappropriately joined together two unrelated claims, one regarding deliberate indifference to a cut finger, the other encompassing excessive force with a taser. Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). While joinder of claims, parties, and remedies are encouraged under the Federal Rules of Civil Procedure, permissive joinder is not applicable in all cases. *Mosely v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). In particular, there are two specific requisites for joinder, including the requirement that the asserted right to relief against each defendant must arise out of the same transaction or occurrence. *Id.* As such, a plaintiff cannot join, in a single lawsuit, multiple claims against different defendants related to events arising out of different transactions or occurrences. In other words: "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Here, plaintiff has attempted to join unrelated claims, which he will not be allowed to do.

Because plaintiff has presented serious allegations, the Court will not dismiss the complaint at this time. Instead, plaintiff will be given the opportunity to amend his pleadings according to the instructions set forth below. In preparing his amended complaint, plaintiff **must** follow these instructions. Failure to follow these instructions may result in the dismissal of his claims.

**B. Amendment Instructions**

Plaintiff should type or neatly print his amended complaint on the Court's prisoner civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by

7

self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the amended complaint is handwritten, the writing must be legible.

In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed.

Plaintiff should put his case number in the appropriate location on the upper right-hand section of the first page. He should then fill out the complaint form in its entirety, and ensure that it is signed.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

**The Court will not allow plaintiff to join unrelated claims in his amended complaint.** Thus, the amended complaint should only include claims that arise out of the same transaction or occurrence. **In other words, plaintiff should only include claims that are related to each other.** *See* Fed. R. Civ. P. 20(a)(2).

As noted above, plaintiff's complaint contains two different allegations. Specifically, he asserts a deliberate indifference to medical needs claim against Nurse Ross, alleging that she failed to treat a small cut on his finger. In addition, he claims that Jail Administrator Ross used excessive force against him by deploying a taser, after plaintiff refused to comply with a directive. These two claims are not related, and the Court will not permit plaintiff to join them in a single lawsuit without showing that the right to relief asserted against all the defendants arise out of the same

8

transaction or occurrence. **If plaintiff insists on attempting to join unrelated claims, those unrelated claims will be dismissed.** However, if plaintiff has multiple claims against a **single** defendant, he may name that person and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

In structuring his amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that 42 U.S.C. § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific

9

defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

### C. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting

testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. In particular, the Court notes that plaintiff's complaint is deficient, and that he is being ordered to file an amended complaint. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $3.10 within **thirty (30) days** of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order, in accordance with the

11

instructions set forth above, the Court will dismiss this action without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon the filing of plaintiff's amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this 14th day of June, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE