## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| ROBERT BROWN, | ) |
| | ) |
|         Plaintiff, | ) |
| | ) |
|     v. | )       No. 1:22-cv-00030-SNLJ |
| | ) |
| JOE ROSS, et al., | ) |
| | ) |
|         Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on its own motion. On June 14, 2022, the Court ordered plaintiff Robert Brown to file an amended complaint within thirty days. (Docket No. 6). He was advised that his failure to comply would result in the dismissal of this action without prejudice and without further notice. More than thirty days have elapsed, and plaintiff has not responded. Therefore, for the reasons discussed below, the Court will dismiss this action without prejudice. *See* Fed. R. Civ. P. 41(b).

### Background

Plaintiff is a self-represented litigant who is currently incarcerated at the Eastern Reception, Diagnostic, and Correctional Center in Bonne Terre, Missouri. On March 16, 2022, he filed a prisoner civil rights action pursuant to 42 U.S.C. § 1983, naming Jail Administrator Joe Ross and Nurse Amy Ross as defendants. (Docket No. 1). In the complaint, plaintiff alleged deliberate indifference with regard to a cut on his finger, as well as excessive force stemming from an incident in which he was tasered.

Along with the complaint, plaintiff filed a motion for leave to proceed in forma pauperis. (Docket No. 2). On June 14, 2022, the Court granted the motion and assessed an initial partial

filing fee. (Docket No. 6). Because he was proceeding in forma pauperis, the Court also reviewed plaintiff's complaint under 28 U.S.C. § 1915. Based on that review, the Court determined that the complaint was deficient and subject to dismissal. Rather than dismissing, however, the Court directed plaintiff to file an amended complaint, and included directions on how to do so. The Court gave plaintiff thirty days in which to comply, and advised him that the failure to comply would result in the dismissal of this action without prejudice and without further notice.

**Discussion**

As set forth above, the Court ordered plaintiff to file an amended complaint on June 14, 2022. He was given thirty days to respond, and warned that a failure to submit an amended complaint would result in the dismissal of this action. The amended complaint was due on or before July 14, 2022. The deadline for plaintiff to file his amended complaint has expired. Indeed, the Court has given plaintiff more than thirty days in which to comply. Despite being given additional time, plaintiff has not filed an amended complaint, nor sought an extension of time in which to do so.

Even though he is a self-represented litigant, plaintiff must still comply with the Court's orders and with the Federal Rules of Civil Procedure. *See Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) ("In general, pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure"). Under Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). This rule applies to self-represented litigants. *See Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating that district court may dismiss a pro se litigant's action for failure to comply with a court order on its own initiative). Because plaintiff has not complied with the Court's June 14, 2022 order to submit an

amended complaint, and because he has not sought an extension of time in which to comply, the Court will dismiss this action without prejudice. *See Dudley v. Miles*, 597 Fed. Appx. 392 (8ᵗʰ Cir. 2015) (affirming district court's Fed. R. Civ. P. 41(b) dismissal for failure to comply with a court order, where plaintiff failed to follow an order to file an amended complaint, "[d]espite warnings that dismissal could result from his failure to do so").

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to comply with the Court's order of June 14, 2022. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 29ᵗʰ day of July, 2022.

_____

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE